REED SMITH LLP
Paul R. Gupta  (*Pro Hac Vice forthcoming*)
PGupta@ReedSmith.com
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Telephone: +1 212 521 5400
Facsimile: + 212 521 5450

REED SMITH LLP
R. Eric Hutz  (*Pro Hac Vice forthcoming*)
EHutz@ReedSmith.com
1201 Market Street, Suite 1500
Wilmington, Delaware  19801
Telephone: +1 302 778 7512
Facsimile: +1 302 778 7575

REED SMITH LLP
Seth B. Herring (SBN 253907)
SHerring@ReedSmith.com
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: +1 415 543 8700
Facsimile: + 1 415 391 8269

REED SMITH LLP
Gerard M. Donovan (*Pro Hac Vice forthcoming*)
GDonovan@ReedSmith.com
1301 K Street, N.W., Suite 1000 – East Tower
Washington, D.C. 20005
Telephone: +1 202 414 9224
Facsimile: +1 202 414 9299

Attorneys for Plaintiff
TRUSTED KNIGHT CORPORATION

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| TRUSTED KNIGHT CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**NATURE OF THE ACTION**

1. Plaintiff Trusted Knight Corporation ("Trusted Knight") brings this action against Defendant International Business Machines Corporation ("IBM") for infringement of Trusted Knight's United States Patent No. 9,503,473 ("the '473 Patent"). This action arises under the laws of the United States relating to patents, including 35 U.S.C. § 271. For its Complaint, Trusted Knight alleges as follows:

**PARTIES**

2. Plaintiff Trusted Knight is a Delaware corporation having its principal place of business at 301 Fourth Street, Annapolis, MD 21403. Trusted Knight develops and delivers top-tier custom security solutions to government organizations and leading businesses to combat the evolving and sophisticated attacks performed by internet criminals. Trusted Knight is the owner of all rights, title, and interest in the '473 Patent.

3. IBM is a New York corporation having a principal place of business at 1 New Orchard Road, Armonk, NY 10504. IBM has appointed CT Corporation System at 818 West Seventh Street, Suite 930, Los Angeles, California 90017, as its registered agent in the State of California.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) and pursuant to the patent laws of the United States of America, 35 U.S.C. § 101 *et seq.*

5. IBM is subject to personal jurisdiction in this district because it has purposefully engaged in activities giving rise to these claims for patent infringement that were and are directed at this judicial district. Further, IBM is subject to personal jurisdiction in this district because it is registered to do business in the state of California and has multiple offices in California, including its office at 425 Market Street, San Francisco, CA 94105.

6. Venue properly lies within the Northern District of California pursuant to the provisions of 28 U.S.C. §§ 1391(b), (c) and (d) and 28 U.S.C. § 1400(b), because IBM has engaged in acts of infringement within this district and has a regular and established place of business within this judicial district. IBM has several offices in this judicial district including offices in San

Francisco, Emeryville, Santa Clara, Foster City, San Ramon, and San Jose. *See* https://careers.ibm.com/ListJobs/All/Search/cms-state/california/country/us/ (last visited Mar. 4, 2019). Also, IBM's website invites customers and potential customers to its physical location in this judicial district. *See* https://developer.ibm.com/events/?fa=date%3ADESC&fb=&fc=upcoming (last visited Mar. 4, 2019). IBM has distributed and continues to distribute the infringing IBM product to banks in this judicial district and is marketing to them. *See* https://www.trusteer.com/en/support/rapport-installation-links (last visited Mar. 4, 2019). Upon information and belief, many customers of those banks use the infringing IBM product in this judicial district. IBM therefore resides in this judicial district for purposes of 28 U.S.C. §§ 1391(c) and 1400(b).

**INTRADISTRICT ASSIGNMENT**

7. This action for patent infringement is assigned on a district-wide basis under Civil L.R. 3-2(c).

**THE ASSERTED PATENT**

8. The '473 Patent issued on November 22, 2016. A true and correct copy of the '473 Patent, titled "Apparatus, System, and Method for Protecting Against Keylogging Malware," is attached hereto as Exhibit A.

**FACTUAL BACKGROUND**

9. This is a case about combating advanced forms of malicious software, which are known as key logging malware. Such malware steals confidential information that is inputted into website forms (typically user names, passwords and credit card numbers), which has resulted in billions of dollars of losses. Trusted Knight and IBM offer competing anti-malware products. IBM makes its anti-malware product IBM Trusteer Rapport ("Rapport") available for download by an end user from the websites of IBM's licensees of Rapport. The end user may for example be an individual who engages in home banking, and the IBM licensee may for example be a financial institution.

10. When an end user downloads Rapport, its anti-malware protection installs at the most privileged access level in the browser or protected application of the end user's computer. Upon that

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

installation, Rapport will act proactively to provide protection against malware throughout a web session with (for example) a financial institution, without requiring detection of the malware. Not only is the protection available for that web session on that end user's computer, but when that computer logs into any account at that financial institution, the protection will typically be enabled without the need to download or install Rapport again.

11. Trusted Knight is headquartered in Annapolis, Maryland with operations throughout the United States and in other parts of the world. The Trusted Knight management has its roots in the National Security Agency ("NSA"), military intelligence, and security across the financial industry. Joe Patanella, Chief Executive Officer of Trusted Knight, spent 18 years as a technologist with the NSA. After leaving the NSA, Mr. Patanella founded TrustWave, a leading information security company, which he grew to over 1000 employees, establishing channel relationships with 28 of the top 30 U.S. banks before TrustWave was acquired by Singtel. Trevor Reschke, Trusted Knight's Chief Technology Officer, is a former counterintelligence special agent responsible for developing the Incident Response Team and the Vulnerability Assessment Team for the U.S. Army Regional Computer Emergency Response Team. The Trusted Knight management has focused on delivering top-tier custom security solutions to leading businesses to combat the evolving and sophisticated attacks performed by internet criminals.

12. Trusted Knight is the owner by assignment of all rights, title, and interest in the '473 Patent.

13. The '473 Patent generally, but not by way of limitation, covers apparatuses, systems, and methods for protecting against the operation of key logging malware used by cyber criminals to steal financial and identity information. *See, e.g.,* Ex. A at 3:65-4:10. The '473 Patent covers apparatuses, systems, and methods protect against malware that uses form grabbing techniques to capture user information from browser forms. *See, e.g., id*.

14. The claims of the '473 Patent focus on specific improvements in computer functionality. For example, the claimed methods and apparatuses install and maintain an anti-key logger at the most privileged access level for browser events in an API stack, which prevents key logging malware from occupying a superior level of access for browser events. *See, e.g., id.* at

COMPLAINT FOR PATENT INFRINGEMENT

claims 1, 11, 22, 26. The anti-key logger detects browser events including OnSubmit and BeforeNavigate events associated with a user entering data into and submitting browser forms. *Id.* The invention submits the user data to a designated entity, and clears confidential data from data inputs to protect against the threat of the key logging malware capturing the confidential data. *Id.* Embodiments of the invention proactively protect confidential data whether or not key logging malware is present. *See, e.g., id.* at claims 22, 26. Thus, the claims are directed to specific, novel functionalities and steps that accomplish the desired protection against key logging malware, thereby improving the way computers operate.

15. On April 22, 2009, Trusted Knight filed U.S. Patent Application No. 12/427,833 titled "System And Method For Protecting Against Malware Utilizing Key Loggers" (the "'833 Application"), which claims priority to Provisional Application No. 61/125,178, filed on April 23, 2008.

16. On November 20, 2012, the U.S. Patent & Trademark Office (the "USPTO" or the "Patent Office") issued the '833 Application as U.S. Patent No. 8,316,445 (the "'445 Patent"). All subsequent patents and patent applications discussed below claim priority, either directly or indirectly, to the '445 Patent.

17. On November 2, 2012, Trusted Knight filed U.S. Patent Application No. 13/667,256 titled "System And Method For Protecting Against Malware Utilizing Key Loggers" (the "'256 Application"). The '256 Application is a continuation application of the '445 Patent.

18. On May 11, 2015, Trusted Knight filed U.S. Patent Application No. 14/709,224 titled "System and Method For Protecting Against Point Of Sale Malware Using Memory Scraping" (the "'224 Application"). The '224 Application is a continuation-in-part (CIP) application of the '256 Application. The Patent Office issued the '224 Application as U.S. Patent No. 9,596,250 (the "'250 Patent") on March 14, 2017.

19. On July 11, 2016, Trusted Knight filed U.S. Patent Application No. 15/207,279 titled "Apparatus, System, And Method For Protecting Against Keylogging Malware" (the "'279 Application"). The '279 Application is a continuation application of the '250 Patent. The Patent Office issued the '279 Application as the '473 Patent on November 22, 2016.

20. During prosecution of the '473 Patent, Trusted Knight filed a letter on July 11, 2016 titled, "Note On Priority Claim." This letter highlighted and brought to the Patent Office's attention that "technical content" of the '445 Patent and figure 2A of the Provisional Application No. 61/125,178 were incorporated into the drafting of the '473 Patent as they were "incorporated by reference in the priority chain." *See* U.S. Patent App. No. 15/207,279, Note on Priority Claim (July 11, 2016). The Examiner acknowledged Trusted Knight's "claim to priority and indicated that continuity and copendency had been preserved." *See* U.S. Patent App. No. 15/207,279, Examiner-Initiated Interview Summary, at p. 2 (Oct. 7, 2016; conducted Sept. 30, 2016).

21. On September 28, 2016, Trusted Knight filed a terminal disclaimer in the '473 Patent prosecution under 37 C.F.R. § 1.321 to obviate any obviousness-type double patenting rejection in view of the '445 Patent. *See* U.S. Patent App. No. 15/207,279, Terminal Disclaimer Filed (Sept. 28, 2016). The Patent Office granted the Terminal Disclaimer. *See* U.S. Patent App. No. 15/207,279, Terminal Disclaimer Review Decision (Sept. 30, 2016).

22. The '473 Patent "incorporate[s] by reference" the "entire contents" of the '445 Patent and discloses the same novel technological solutions directed to systems and methods for protecting against the operation of key logging malware that is commonly used in identity-theft and cyber-fraud. *See* Ex. A. at 1:5-13, 1:18-24.

23. The United States Court of Appeals for the Federal Circuit issued an opinion in *Trusted Knight Corp. v. Int'l Business Machines Corp.*, 681 Fed. Appx. 898, 902 (Fed. Cir. Mar. 7, 2017), which involved an appeal of a Memorandum Opinion entered by the United States District Court for the District of Delaware regarding the construction of certain claim terms recited in claims 1, 22 and 23 of the '445 Patent (the '445 Litigation). Like the present action, the '445 Litigation involved both Trusted Knight and IBM.

24. As the Federal Circuit noted, the '445 Patent states that the invention "improves upon the prior art by preventing the actions of form-grabbing and hook-based key loggers," the two types of key logging malware that are commonly used in identity-theft and cyber fraud. *Id.* at 900.

25. This is also true with respect to the '473 Patent, which discloses and claims novel inventive concepts that improve computer functionality, "defeat[ing] the action of form-grabbing

– 5 –

COMPLAINT FOR PATENT INFRINGEMENT

key loggers … [and] hook-based key loggers" in order to protect users against "the operation of malware commonly used in [identity]-theft and cyber-fraud." *See* Ex. A at 3:52-56, 1:18-20; *see also* 13:2-16; 13:48-64; 14:35-53; 14:65-15:19. Also, the '473 Patent "incorporate[s] by reference" the "entire contents" of the '445 Patent. *Id.* at 1:5-13.

26. In the '445 Litigation, the Federal Circuit also noted that the '445 Patent states that conventional products on the market are insufficient and inadequate in combating key logging malware as they do not "protect the user when the malware inserts a hook at the first instance in the API [Application Programming Interface] stack and it is also ineffective against form-grabbing key loggers." *Trusted Knight*, 681 Fed. Appx. at 900.

27. This is also true with respect to the '473 Patent, which discloses that conventional products fail to provide solutions to the technical problems encountered with key logging malware. The '473 Patent states that using conventional products to combat hook-based key logging and form-grabbing key logging fails to "protect the user if the malware is inserting itself as a hook-based key logger at the first instance in the stack" and "does not protect against the action of hook-based key loggers that are programmed to insert themselves prior to the anti-key logger ("AKL") itself hooking within the API stack." *See* Ex. A at 3:18-19; 13:40-43. Also, the '473 Patent "incorporate[s] by reference" the "entire contents" of the '445 Patent. *Id.* at 1:5-13.

28. The Federal Circuit further noted that, according to the '445 Patent, the inventive concepts disclosed therein in Claim 1 "improve[d] upon the prior art" by having:

"the software: (1) identif[y] forms on a called web page; (2) connect[] to each form submission event; (3) clear[] all form inputs marked with INPUT or PASSWORD;

(4) provide[] the user-inputted data to the designated receiving party, such as a bank;

and (5) ensure[] that all password form fields are cleared from the API chain."

*Trusted Knight*, 681 Fed. Appx. at 900-01.

29. This is also true with respect to the '473 Patent. Claims 1 and 11 of the '473 Patent disclose and claim novel and innovative software that performs a number of specific steps to prevent identity-theft and cyber fraud, including, identifying all forms on a web page; connecting to each form submission event; clearing all form fields containing confidential user information, including

1 for example, user names, passwords, and credit card information; providing the user-inputted data to 2 the designated entity, such as a bank; and ensuring that all form fields containing confidential user 3 information are cleared and thus unavailable to be captured by key logging malware. *See* Ex. A at 4 5:42-57; *see also* 13:2-16; 13:48-64; 14:35-53; 14:65-15:19. Also, the '473 Patent "incorporate[s] by 5 reference" the "entire contents" of the '445 Patent. *Id.* at 1:5-13.

6     30. The Federal Circuit also stated that "Trusted Knight argues that the claim limitation 7 does not require responding to or deleting actual instances of malware on a user's computer. This 8 argument finds support in the specification, which emphasizes that 'the solution of the present 9 invention does not depend on detection of malware at all.'" *Trusted Knight*, 681 Fed. Appx. at 903.

10     31. The same is true of the '473 Patent, which provides that "[t]he solution of the present 11 invention does not depend on detection of malware at all." *See* Ex. A at 3:51-52.

12     32. IBM currently makes, uses, offers for sale, and/or sells within the United States the 13 Rapport product.

14     33. According to IBM, Rapport is an "endpoint protection solution designed to protect 15 users from financial malware," that uses "industry-leading technology" to "defend against MitB 16 [Man-in-the-browser] attacks." *See* https://www.ibm.com/us-en/marketplace/phishing-and-malware-17 protection (last visited Mar. 4, 2019). Rapport is available to end-users with "recent versions of 18 popular browsers and operating systems." *See* https://www.ibm.com/us-en/marketplace/phishing-19 and-malware-protection/details#product-header-top (last visited Mar. 4, 2019).

20     34. IBM represents to its customers that Rapport "[p]rotects credentials and personal 21 information from key-logging and screen capturing attempts." *See* 22 https://www.pnc.com/en/personal-banking/banking/online-and-mobile-banking/trusteer-rapport.html 23 (last visited Mar. 4, 2019); *see also* https://www.cafcu.org/services/online-and-mobile-24 services/trusteer-rapport (last visited Mar. 4, 2019). Specifically, "Rapport applies a basic character 25 replacement algorithm to prevent specific old banking malware from stealing login credentials that 26 are sent from the keyboard driver to the browser." *See* 27 https://trusteer.secure.force.com/PKB/articles/en_US/FAQ/Scrambled-keys/p (last visited Mar. 4, 28 2019).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

35. IBM has knowledge of the '473 Patent no later than the date of the service of this Complaint. On information and belief, IBM had knowledge of the '473 Patent when it published on November 22, 2016. Upon information and belief, IBM maintains a patent monitoring system to observe competitors' filings. IBM and Trusted Knight are competitors.

36. Despite these facts, IBM has marketed and continues to market Rapport to Trusted Knight's own actual and prospective customers, thereby making sales that Trusted Knight otherwise would have made.

## COUNT I

### Infringement of United States Patent No. 9,503,473

37. Trusted Knight realleges and incorporates the preceding paragraphs of its Complaint.

38. On information and belief, IBM has directly infringed and continues to directly infringe the '473 Patent, literally or under the doctrine of equivalents, by making, using, offering for sale, and/or selling within the United States, without permission or license from Trusted Knight, Rapport, which infringes claims of the '473 Patent, and/or by importing into the United States Rapport, which infringes claims of the '473 Patent.

39. By way of example and not limitation IBM has been and now is directly infringing Claims 1 and 11 of the '473 Patent by making, using, offering to sell, and/or selling Rapport, which provides an anti-key logger that: (a) installs, for example, via the RapportEl.sys driver and RapportKOAN.dll, at the most privileged access level for browser events in an API stack; (b) detects with RapportKOAN.dll events including BeforeNavigate and OnSubmit form submission events triggered when a user submits data entered into a browser form; (c) submits user data to a designated entity such as a financial institution; and (d) clears confidential input data with the RapportKOAN.dll function to prevent key logging malware from capturing the user data.

40. By way of further example and not limitation IBM has been and now is directly infringing Claims 1 and 11 of the '473 Patent by making, using, offering to sell, and/or selling Rapport, which provides an anti-key logger that: (a) ensures that the anti-key logger receives user data before any malware (i.e. Rapport operates at the most privileged access level in the API stack); (b) provides anti-key logging protection by ensuring that Rapport functionality has access to

confidential user data before any malware via RapportService.exe, Rookbas.dll, RapportUtil.dll, RapportEjo.dll, RapportThinNikko.dll, and RapportGP.dll; (c) detects with RapportKOAN.dll events including BeforeNavigate and OnSubmit form submission events triggered when a user submits data entered into a browser form; (d) submits user data to a designated entity such as a financial institution; and (e) clears confidential input data with the RapportKOAN.dll function to prevent key logging malware from capturing the user data.

41. By way of further example and not limitation IBM has been and now is directly infringing Claims 22 and 26 of the '473 Patent by making, using, offering to sell, and/or selling Rapport, which provides an anti-key logger that: (a) installs, for example, via the RapportEl.sys driver and RapportKOAN.dll, at the most privileged access level for browser events in an API stack; (b) detects with RapportKOAN.dll events including BeforeNavigate and OnSubmit form submission events triggered when a user submits data entered into a browser form; (c) submits user data to a designated entity such as a financial institution; (d) identifies form input fields having confidential data to clear; (e) clears confidential input data with the RapportKOAN.dll function to prevent key logging malware from capturing the user data; and (f) conducts the above steps and clears confidential data, regardless of whether key logging malware is present.

42. By way of further example and not limitation IBM has been and now is directly infringing Claims 22 and 26 of the '473 Patent by making, using, offering to sell, and/or selling Rapport, which provides an anti-key logger that: (a) ensures that the anti-key logger receives user data before any malware (i.e. Rapport operates at the most privileged access level in the API stack); (b) provides anti-key logging protection by ensuring that Rapport functionality has access to confidential user data before any malware via RapportService.exe, Rookbas.dll, RapportUtil.dll, RapportEjo.dll, RapportThinNikko.dll, and RapportGP.dll; (c) detects with RapportKOAN.dll events including BeforeNavigate and OnSubmit form submission events triggered when a user submits data entered into a browser form; (d) submits user data to a designated entity such as a financial institution; (e) identifies form input values having confidential data to clear; (f) clears confidential input data with the RapportKOAN.dll function to prevent key logging malware from capturing the user data; and (g) conducts the above steps and clears confidential data, regardless of whether key

– 9 –

logging malware is present.

43. Accordingly, IBM infringes, literally or under the doctrine of equivalents, claims of the '473 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, and/or selling Rapport.

44. In addition to direct infringement, Trusted Knight is informed and believes that IBM has and continues to indirectly infringe by inducing others to infringe claims of the '473 Patent.

45. IBM has actively, knowingly, and intentionally induced and continues to induce others such as its customers, and/or downstream end-users, to infringe the '473 Patent without permission or license from Trusted Knight. According to IBM, "hundreds of financial institutions and tens of millions of their customers rely on IBM Trusteer Rapport to help protect their desktops against fraud." See https://www.ibm.com/downloads/cas/W1W1VO3P, at 1 (last visited Mar. 4, 2019).

46. For example, IBM induces its customers to offer Rapport's infringing anti-key logger as an easy to deploy solution with no software or hardware requirements "from an end-user perspective." See https://www.ibm.com/us-en/marketplace/phishing-and-malware-protection/details (last visited Mar. 4, 2019). IBM further touts that "[d]ownload and installation [of Rapport] is very simple. A few mouse clicks and IBM Security Trusteer Rapport can be installed and running on your computer in under 30 seconds." See https://trusteer.secure.force.com/PKB/articles/FAQ/Install-instructions/p (last visited Mar. 4, 2019). "Trusteer Rapport is designed to start automatically during the start up process of [an end-user's] computer." See https://trusteer.secure.force.com/PKB/articles/FAQ/Start-rapport-manually/p (last visited Mar. 4, 2019).

47. By way of further example, IBM actively encourages its customers and/or downstream end-users to infringe the '473 Patent by providing Rapport in a default configuration that implements the infringing features. Additionally IBM instructs its customers and/or downstream end-users to operate Rapport to "defend against MitB [Man-in-the-browser] attacks" in an infringing manner. See https://www.ibm.com/us-en/marketplace/phishing-and-malware-protection (last visited Mar. 4, 2019).

48. In light of IBM's knowledge of the '473 Patent as stated in paragraph 35, IBM took

the above actions specifically intending to cause infringing acts by others.

49. As stated in paragraph 35, IBM was aware of the '473 Patent and knew that the others' actions, if taken, would constitute infringement of the '473 Patent. IBM nonetheless continued to sell Rapport and induce infringement by its customers. At the very least, IBM should have known that Rapport would infringe the '473 Patent but remained willfully blind to the infringing nature of others' actions.

50. Accordingly, IBM has induced infringement of the '473 Patent under 35 U.S.C. § 271(b).

51. As a result of IBM's acts of infringement of the '473 Patent, Trusted Knight has suffered and will continue to suffer damages in an amount to be proven at trial.

52. Trusted Knight has been irreparably harmed by IBM's acts of infringement, and will continue to be harmed unless and until IBM's acts of infringement are enjoined and restrained by order of this Court. Trusted Knight has no adequate remedy at law and is entitled to injunctive relief against IBM and its infringing products under 35 U.S.C. § 283.

53. IBM's infringement of the '473 Patent has been and continues to be willful.

## PRAYER FOR RELIEF

Wherefore, Trusted Knight respectfully requests that judgment be entered:

A. Declaring that IBM has directly infringed and is directly infringing the claims of the '473 Patent;

B. Declaring that IBM has indirectly infringed and continues to indirectly infringe, by inducement, the claims of the '473 Patent;

C. Compensating Trusted Knight for all damages caused by IBM's infringement of the '473 Patent;

D. Enhancing Trusted Knight's damages up to three times their amount under 35 U.S.C. § 284;

E. Granting Trusted Knight pre- and post-judgment interests, together with all costs and expenses;

F. Granting Trusted Knight its reasonable attorneys' fees under 35 U.S.C. § 285;

G. Granting injunctive relief enjoining and restraining IBM and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with it, from making, using, offering to sell, selling, and importing into the United States any product, or using, offering to sell, or selling any service, that falls within the scope of any claim of the '473 Patent; and

H. Awarding such other relief as this Court may deem just and proper.

Dated:  March 5, 2019

*Of Counsel for Plaintiff*

REED SMITH LLP
Christopher J. Pulido (SBN 313142)
CPulido@ReedSmith.com
Nicole Medeiros (SBN 318892)
NMedeiros@ReedSmith.com
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: +1 415 543 8700
Facsimile: + 1 415 391 8269

Respectfully submitted,

By: /s/   Seth B. Herring

REED SMITH LLP
Paul R. Gupta (*Pro Hac Vice forthcoming*)
PGupta@ReedSmith.com
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Telephone: +1 212 521 5400
Facsimile: + 212 521 5450

REED SMITH LLP
R. Eric Hutz  (*Pro Hac Vice forthcoming*)
EHutz@ReedSmith.com
1201 Market Street, Suite 1500
Wilmington, Delaware  19801
Telephone: +1 302 778 7512
Facsimile: +1 302 778 7575

REED SMITH LLP
Seth B. Herring (SBN 253907)
SHerring@ReedSmith.com
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: +1 415 543 8700
Facsimile: + 1 415 391 8269

REED SMITH LLP
Gerard M. Donovan (*Pro Hac Vice forthcoming*)
GDonovan@ReedSmith.com
1301 K Street, N.W., Suite 1000 – East Tower
Washington, D.C. 20005
Telephone: +1 202 414 9224
Facsimile: +1 202 414 9299

*Attorneys for Plaintiff
Trusted Knight Corporation*

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Civil L.R. 3-6(a), Plaintiff Trusted Knight Corporation requests a trial by jury of any issues so triable by right.

Dated:  March 5, 2019

*Of Counsel for Plaintiff*

REED SMITH LLP
Christopher J. Pulido (SBN 313142)
CPulido@ReedSmith.com
Nicole Medeiros (SBN 318892)
NMedeiros@ReedSmith.com
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: +1 415 543 8700
Facsimile: + 1 415 391 8269

Respectfully submitted,

By:/s/   Seth B. Herring

REED SMITH LLP
Paul R. Gupta (*Pro Hac Vice forthcoming*)
PGupta@ReedSmith.com
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Telephone: +1 212 521 5400
Facsimile: + 212 521 5450

REED SMITH LLP
R. Eric Hutz  (*Pro Hac Vice forthcoming*)
EHutz@ReedSmith.com
1201 Market Street, Suite 1500
Wilmington, Delaware  19801
Telephone: +1 302 778 7512
Facsimile: +1 302 778 7575

REED SMITH LLP
Seth B. Herring (SBN 253907)
SHerring@ReedSmith.com
101 Second Street, Suite 1800
San Francisco, CA 94105
Telephone: +1 415 543 8700
Facsimile: + 1 415 391 8269

REED SMITH LLP
Gerard M. Donovan (*Pro Hac Vice forthcoming*)
GDonovan@ReedSmith.com
1301 K Street, N.W., Suite 1000 – East Tower
Washington, D.C. 20005
Telephone: +1 202 414 9224
Facsimile: +1 202 414 9299

*Attorneys for Plaintiff*
*Trusted Knight Corporation*