UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTED KNIGHT CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION (IBM),<br><br>        Defendant. | Case No. 19-cv-01206-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**<br><br>Docket No. 106 |

## I.     INTRODUCTION

Now pending is Plaintiff Trusted Knight Corporation's motion for leave to amend its disclosure of asserted claims and infringement contentions. Docket No. 106. For the reasons discussed below, the Court **DENIES** Plaintiff's motion.

## II.     BACKGROUND

Plaintiff Trusted Knight Corporation ("Trusted Knight") brought this action against Defendant IBM, accusing IBM of infringing Trusted Knight's United States Patent No. 9,503,473 ("the '473 Patent"), which issued on November 22, 2016. *See* Docket No. 1. The '473 patent is entitled "Apparatus, System, and Method for Protecting Against Keylogging Malware," and it "relates to systems and methods for preventing key logger malware that utilizes form grabbing techniques to steal financial and identity information from users' browsers." *See* '473 Patent at 1:21–24. The patent contends that "[k]ey logging is a method of capturing keyboard input to a computer or computing device," which "is a common technique for obtaining passwords and sensitive information using unauthorized software." *Id*. at 1:50–53. This is the second patent infringement case between the parties, as Trusted Knight explains: "The first case involved U.S.

Patent No. 8,316,445 ('the '445 Patent') which is an ancestor of the '473 Patent. The '473 Patent incorporates by reference the entire disclosure of the '445 Patent." *See* Docket No. 62 (Opening Claim Construction Brief) at 4. Trusted Knight asserted claims 1-6, 8, 10-17, 19-20, 22-23 and 25-27. *See* Docket No. 99 at 2.

On December 19, 2019, IBM filed a petition for *inter partes review* ("IPR") challenging the validity of each claim of the '473 Patent asserted in this suit. On July 10, 2020, the Patent and Trademark Office ("PTO") instituted IPR on all the asserted claims. Docket No. 99.

On July 17, 2020, IBM filed a motion to stay proceedings pending the final resolution of the PTO's IPR of all the asserted claims of the patent-in-suit. Docket Nos. 99, 99-2. While IBM's motion for stay was still pending – nine months after IBM filed its petition and 1.5 months after the PTO instituted IPR – Trusted Knight filed the currently pending motion for leave to amend its disclosure of asserted claims and infringement contentions on August 27, 2020 to assert for the first time claims 7 and 18. Docket No. 106 ("Motion"). On August 31, 2020, the Court granted IBM's motion to stay these proceedings pending IPR. Docket No. 112.

The Patent Trial and Appeal Board (PTAB) invalidated 27 of Trusted Knight's 29 claims. Thus, at this point, the only remaining claims of the '473 Patent are claims 7 and 18 which were not previously asserted in this litigation and which were not the subject of the IPR proceedings. Docket No. 115. Trusted Knight's appeal from the PTAB's decision invaliding the 27 claims of the '473 Patent is currently pending. Docket No. 120.

The Court ordered the parties to complete briefing on Trusted Knight's motion for leave to amend. *See* Docket No. 122. The Court addresses the motion below.

### III.   LEGAL STANDARD

Patent Local Rule 3-1 states, "Not later than 14 days after the Initial Case Management Conference, a party claiming patent infringement shall serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions."" Patent Local Rule 3-6 governs the process for any amendment of infringement contentions:

> Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause. Non-exhaustive examples of circumstances

2

> that may, absent undue prejudice to the non-moving party, support a finding of good cause include:
>
> (a) A claim construction by the Court different from that proposed by the party seeking amendment;
>
> (b) Recent discovery of material, prior art despite earlier diligent search; and
>
> (c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.
>
> The duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions.

The Patent Local Rules "require parties to state early in the litigation and with specificity their contentions with respect to infringement and invalidity." *O2 Micro Int'l, Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1359 (Fed. Cir. 2006). The purpose of the Patent Local Rules "is to ensure early crystallization of the parties' theories, and specifically, to place the burden on the plaintiff to quickly decide on and disclose the contours of its case." *OpenTV, Inc. v. Apple Inc.*, No.15-cv-02008-EJD-NC, 2016 WL 3196643, at *3 (N.D. Cal. June 9, 2016). Thus, amendments to a party's contentions require a showing of good cause. *See* Pat. L.R. 3-6.

The moving party bears the burden of establishing diligence. *O2 Micro*, 467 F.3d at 1355. Where the moving party is unable to show diligence, there is "no need to consider the question of prejudice," although a court in its discretion may elect to do so. *See id.* at 1368 (affirming district court's denial of leave to amend upon finding the moving party was not diligent, without considering the question of prejudice to the non-moving party). "If the court finds that the moving party has acted with diligence, it must then determine whether the nonmoving party would suffer prejudice if the motion to amend were granted." *Apple Inc. v. Samsung Elecs. Co. Ltd*, No. 12-cv-0630-LHK (PSG), 2013 WL 3246094, at *1 (N.D. Cal. June 26, 2013) (internal quotation marks omitted).

### IV. DISCUSSION

A. <u>Trusted Knight Has Not Demonstrated Good Cause For The Court To Grant Leave To Amend</u>

Trusted Knight contends that it has demonstrated good cause to be granted leave to amend

3

its asserted claims and infringement contentions because it demonstrated diligence in efforts during discovery but it was "hamstrung by deficiencies and delays in IBM's production" of code and documents. Motion at 8. Trust Knight contends that even if they have not shown diligence, leave should be granted to amend because IBM would not be prejudiced. *Id.* As explained below, the Court finds Trusted Knight's arguments unpersuasive and denies the motion.

1. <u>Trusted Knight Fails To Meet Its Burden To Establish Diligence</u>

Trusted Knight's argument that it was diligent in discovering the information necessary to assert its newly proposed claims 7 and18 blames IBM for failing to produce sufficient discovery materials in a timely manner. *See* Motion at 3-5, 8-9. The argument fails. Trusted Knight's reply brief includes a table noting the number of pages that were produced by IBM during discovery, between July 19, 2019 and August 21, 2020. Docket No. 130 ("Reply") at 8. The table shows that IBM produced over 99% of the documents produced to-date by November 13, 2019. *Id.* Nowhere in its briefing does Trusted Knight explain *what* it discovered and *when* that led it to realize that warranted belated assertion of claims 7 and 18. The relevant question, which Trusted Knight leaves entirely unanswered, is what, specifically, Trusted Knight reviewed that gave it good cause to raise the instant motion to amend on August 28, 2020. Trusted Knight fails to establish it exercised diligence.

In fact, as IBM points out, Trusted Knight's last inspection of IBM's source code occurred on October 15, 2019, Docket No. 125-1 ("McKee Decl.) ¶ 1, Exh. A, 10 months before bringing the instant motion. *See also id.* at ¶ 2, Ex. B (describing October 15 as Trusted Knight's "experts' final review of IBM's code"). To the extent that Trusted Knight implies that IBM's reference to prior art in its IPR filings justifies Trusted Knight's amendment to its *infringement* contentions to add previously unasserted claims, it fails to explain why that reference to prior art altered the landscape so as to justify assertion of claims 7 and 18.

IBM asserts Trusted Knight's rationale for seeking leave to amend is the result of gamesmanship, not diligent, good faith discovery efforts. Docket No. 125 ("Opp.") at 11. IBM contends,

> Trusted Knight's true rationale is evident from the timing of its

4

> motion: recognizing the asserted claims of the '473 patent were likely to be invalidated, it aimed to keep its case alive by switching gears to assert the only two claims not covered by IBM's IPR—claims that were not challenged in the IPR because they weren't asserted in the litigation and IBM was required to be judicious on space in its IPR petition and the PTAB's resources.

*Id.* IBM concludes, "In this case, Trusted Knight waited nearly 18 months after filing suit, 14 months after IBM's code was available for inspection, 10 months after it served its infringement contentions and last inspected IBM's code, 8 months after IBM filed its IPR, nearly 3 months after the *Markman* hearing and 2 months after the Court's claim construction order, and more than 1.5 months after IBM's IPR was instituted (and after the parties had fully briefed IBM's motion to stay based on that institution) before filing its motion to amend." *Id.* at 12. IBM's response is compelling.

The Court cannot find good cause and diligence to grant Trusted Knight's motion for leave to amend.

2. <u>IBM Would Be Prejudiced By Amendment</u>

Because Trusted Knight is unable to show diligence, there is "no need to consider the question of prejudice." *O2 Micro*, 467 F.3d at 1368. Even if Trusted Knight had shown due diligence, IBM would be prejudiced were the amendment permitted because IBM relied on Trusted Knight's original identification of asserted claims in deciding which claims to challenge through IPR. The IPR claim bar has passed such that IBM may not now challenge claims 7 and 18. *Cf. Capella Photonics, Inc. v. Cisco Systems, Inc.*, No. 14-cv-03348-EMC, 2019 WL 2359096, at *5 (N.D. Cal. June 4, 2019) ("Defendants have litigated this case for many years through the IPR proceedings and appeals, and they reasonably believed that upon prevailing before the PTO and an appeal, this litigation would be near completion . . . [I]t would be highly prejudicial to force Defendants to engage piecemeal in a whole new round of litigation.").

///
///
///
///
///

## V. CONCLUSION

For the foregoing reasons, Trusted Knight's motion for leave to amend its disclosure of asserted claims and infringement contentions, Docket No. 106, is **DENIED**.

This order disposes of Docket No. 106.

**IT IS SO ORDERED**.

Dated: November 9, 2021

_____
EDWARD M. CHEN
United States District Judge